1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTONIO D. PENNYMAN,                        No.  2:25-cv-00228 SCR P

12              Plaintiff,

13         v.                                      ORDER

14    G. MATTESON, et al.,

15              Defendants.

16

17         Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action

18    under 42 U.S.C. § 1983.  Plaintiff's complaint is before the undersigned for screening under 28

19    U.S.C. § 1915A.  For the reasons set forth below, the undersigned finds that the complaint fails to

20    state any cognizable claims for relief.  Plaintiff will be given leave to file an amended complaint.

21                                   **IN FORMA PAUPERIS**

22         Plaintiff has requested leave to proceed without paying the full filing fee for this action,

23    under 28 U.S.C. § 1915.  ECF No. 2.  He has submitted a declaration showing that he cannot

24    afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

25    proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00

26    filing fee in monthly installments that are taken from the inmate's trust account rather than in one

27    lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial

28    partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order

                                                  1

directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

The events underlying plaintiff's complaint occurred at California State Prison, Solano ("CSP-Solano"). ECF No. 1 at 2. The complaint names eight (8) defendants:

1) G. Matteson, Warden (retired) at CSP-Solano;
2) J. Cavagnolo, Warden at CSP-Solano;
3) T. Tyler, Chief Deputy Warden at CSP-Solano;
4) John Doe #1, Chief Deputy Warden at CSP-Solano;
5) Dernancourt, Facility D Captain, CSP-Solano;

6) John Doe #2, 3/W Facility D Program Lieutenant, CSP-Solano;
7) T. Hudson, 3/W Facility D Program Sergeant, CSP-Solano; and
8) M. Alvarez-Perez, Facility D 3/W Building 20 Officer #2, CSP-Solano.

Id. at 2-4.

The complaint centers on a rules violation report ("RVR"), Log No. 712975, authored by defendant Alvarez-Perez that plaintiff maintains is false. Plaintiff alleges that on October 4, 2021, at approximately 1930 hours, defendant Alvarez-Perez and nondefendant Heap approached his dorm to conduct a search. ECF No. 1 at 15. The complaint quotes Alvarez-Perez's RVR at length, which reads in relevant part:

> I approached bunk 24-13-4 … for a search …. [I]t should be noted that PENNYMAN was on his assigned bunk leaning over the top of his locker. I ordered PENNYMAN to step down and submit to a clothed body search in which he complied. As PENNYMAN was stepping down his bunk I heard something hit the ground. I had PENNYMAN go to the dayroom, to which he complied. I started the search of his bunk and found one (1) LG cell phone on the floor next to PENNYMAN's locker.

Id. Plaintiff claims that Alvarez-Perez called for him over the P.A. system about thirty minutes later and handed him a search receipt listing a cell phone. Plaintiff asked defendant Alvarez-Perez, in the presence of nondefendant C/O Calacal, where she found the cell phone. Alvarez-Perez responded that she found it near bunk #3, which is an unoccupied bunk area. Alvarez-Perez claimed this was plaintiff's bunk area and became agitated when C/O Calacal told her it was a common area. Id. at 15-16. Plaintiff received the RVR 115 later the same day. Id. at 16.

Plaintiff disputes Alvarez-Perez's report and maintains that he was not anywhere near his locker during the search. He was sitting at the opposite end of the bunk area watching T.V. ECF No. 1 at 16. Plaintiff claims the RVR has caused an "on-going and detrimental injury" because a second RVR could result in a loss of visiting and other privileges and be damaging at his Board of Parole Hearings ("BPH"). Id. Plaintiff has also suffered night sweats, anxiety, and loss of sleep due to the worry and stress of what the RVR would mean at an BPH appearance. Id. at 18.

Plaintiff alleges that defendants Matteson, Cavagnolo, Tyler, Derancourt, John Doe #1, John Doe #2, and T. Hudson are responsible for hiring and training staff and, as a result, are "negligently responsible" for his injuries. ECF No. 1 at 12-14. He asserts federal claims under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment, and state law

1  claims for intentional infliction of emotional distress (IIED) and violations of California Civil

2  Code § 52.1, also known as the Tom Bane Civil Rights Act ("Bane Act").  Id. at 16-17.  Plaintiff

3  requests that the RVR be dismissed and expunged from his file and damages from each defendant

4  in the following amounts: (1) $50,000 in general damages; (2) $50,000 in compensatory damages;

5  and (3) $200,000 in punitive damages.  Id. at 19.

6                                 **LEGAL STANDARDS**

7      **I.      42 U.S.C. § 1983**

8          A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

9  privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

10  including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

11  under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

12  (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

13  County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

14      **II.     Linkage**

15          Section 1983 requires that there be an actual connection or link between the actions of the

16  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

17  Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

18  (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

19  "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a

20  series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

21  [the defendant] knew or reasonably should have known would cause others to inflict a

22  constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks

23  and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a

24  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

25  in another's affirmative acts or omits to perform an act which he is legally required to do that

26  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

27  Cir. 1978) (citation omitted).

28  /////

4

1

**DISCUSSION**

2

I.      **Claims for Relief**

3

    A. **Constitutional Challenges to False RVR**

4

      The undersigned will begin with plaintiff's constitutional claims regarding the allegedly

5

false RVR issued by defendant Alvarez-Perez.  Plaintiff asserts that defendant Alvarez-Perez's

6

falsified report violated his rights under both the Eighth Amendment (ECF No. 1 at 16-17) and

7

the Due Process Clause of the Fourteenth Amendment (id. at 18).

8

      **i.  Eighth Amendment**

9

      Plaintiff alleges Alvarez-Perez's false RVR created an unreasonable risk of harm and

10

constitutes cruel and unusual punishment under the Eighth Amendment.  ECF No. 1 at 17.

11

Courts have generally held that the "issuance of a false RVR, standing alone, does not support a

12

claim of cruel and unusual punishment."  Chappell v. McDowell, No. ED CV 2325 DMG PVC,

13

2023 WL 2559220, at *2 (C.D. Cal. Jan. 20, 2023) (collecting cases); Cauthen v. Rivera, No.

14

1:12-cv-1747 LJO DLB, 2013 WL 1820260, at *10 (E.D. Cal. Apr. 30, 2013) (same), report and

15

recommendation adopted, No. 1:12-cv-1747 LJO, 2013 WL 3744408 (E.D. Cal. July 15, 2013).

16

"[N]ot every governmental action affecting the interests or well-being of a prisoner is subject to

17

Eighth Amendment scrutiny[.]"  Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation

18

marks and citation omitted).  In some contexts, "only the unnecessary and wanton infliction of

19

pain" suffices to violate the Eighth Amendment, id., while in others "a prison official's act

20

omission must result in the denial of the minimal civilized measure of life's necessities," Farmer

21

v. Brennan, 511 U.S. 825, 834 (1994).  Alvarez-Perez's issuance of a false RVR did not involve

22

the infliction of pain or deprivation of civilized measures of life's necessities.

23

      While substantial risk of serious harm can also implicate the Eighth Amendment, see

24

Helling v. McKinney, 509 U.S. 25, 32 (1993).   plaintiff's alleged stress and worry about how the

25

RVR may impact his parole is too speculative to constitute such a substantial risk of serious

26

harm.[1]  See Marrero v. Rose, No. 1:10-cv-0509 LJO GSA, 2013 WL 2991295, at *6 (E.D. Cal.

27

_____

28

[1]  Relevant to this finding is that the Prison Litigation Reform Act ("PLRA") states that "[n]o Federal civil action may be brought by a prisoner …  for mental or emotional injury while in

1  June 14, 2013) ("The possibility of harm is not equivalent to a substantial risk of harm.").

2  Accordingly, defendant Alvarez-Perez's alleged issuance of a false RVR does not support a

3  cognizable Eighth Amendment claim.

4            **ii.  Due Process Clause of the Fourteenth Amendment**

5          Plaintiff next alleges that defendant Alvarez-Perez's issuance of the false RVR denied him

6  due process under the Fourteenth Amendment.  ECF No. 1 at 16-17.

7          Courts have generally found that the issuance of a false disciplinary charge does not, in

8  and of itself, violate due process.  See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal.,

9  June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not

10  directly addressed this issue in a published opinion, district courts throughout California . . . have

11  determined that a prisoner's allegation that prison officials issued a false disciplinary charge

12  against him fails to state a cognizable claim for relief under § 1983."); see also Muhammad v.

13  Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir.

14  2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

15  accused of conduct which may result in the deprivation of a protected liberty interest." (citations

16  omitted)).  "These courts have reasoned that the focus of the analysis is on the process required

17  by law and have thus concluded that false accusations do not violate the due process clause of the

18  Fourteenth Amendment so long as the inmate is afforded the procedural protections required by

19  federal law at the disciplinary hearing."  Goodwin v. Salagubang, No. 2:18-cv-0363 JAM DMC,

20  2019 WL 2026507, at *2 (E.D. Cal. May 8, 2019) (collecting cases); see also Muhammad, 2010

21  WL 12604235, at *3 ("As long as a prisoner is afforded procedural due process in the disciplinary

22  hearing, allegations of a fabricated charge fail to state a claim under § 1983").

23          Although a false RVR by itself does not violate due process, courts have recognized that

24  such allegations may state a constitutional claim where: "(1) his disciplinary hearing violated

25  procedural due process, (2) the false allegations were made in retaliation for Plaintiff exercising

26  his constitutional rights, or (3) the false statement was used to subject plaintiff to a criminal

27

28  custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

proceeding in accordance with <u>Devereaux</u> [v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc)]." <u>Butts v. Ibarra</u>, No. 1:20-cv-0273 EPG PC, 2020 WL 4676375, at *6 (E.D. Cal. Aug. 12, 2020), <u>report and recommendation adopted</u>, No. 1:20-cv-0273 AWI EPG PC, 2020 WL 6020409 (E.D. Cal. Oct. 9, 2020).  Plaintiff does not allege retaliation here, so the undersigned will focus on the other two potential theories.

First, regarding federal due process procedural protections during an RVR disciplinary hearing, an incarcerated plaintiff is only entitled to such protections if the disciplinary punishment impacts a protected liberty interest.  <u>Sandin v. Conner</u>, 515 U.S. 472, 486 (1995).  Here, plaintiff does not allege that an RVR hearing occurred, and the alleged harm from the false RVR is purely speculative.  <u>See</u>, <u>e.g.</u>, ECF No. 1 at 18 (characterizing his injury as "worry and stress of what the RVR would mean to [sic] at a BPH appearance in a bid for the possibility of parole and ultimate freedom.").  In <u>Sandin</u>, the Supreme Court expressly held that a disciplinary charge's potential impact on parole is "simply too attenuated to invoke the procedural guarantees of the Due Process Clause."  515 U.S. at 487.  Accordingly, plaintiff's false RVR claim cannot proceed based on an alleged denial of federal due process protections at the ensuing hearing.

 The undersigned will next consider whether the allegedly false RVR is actionable under <u>Devereaux</u>.[2]  There, the Ninth Circuit held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."  <u>Devereuax</u>, 263 F.3d at 1074-75.  "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."  <u>Spencer v. Peters</u>, 857 F.3d 789, 798 (9th Cir. 2017) (citing <u>Costanich v. Dep't of Soc. & Health Servs.</u>, 627 F.3d 1101, 1111 (9th Cir. 2010)).

There is disagreement in this District whether <u>Devereaux</u> claims are cognizable in the RVR context.[3]  The undersigned need not explore this apparent split here because plaintiff has not

---

[2]  A <u>Devereaux</u> claim is "grounded in substantive due process."  <u>Miranda v. City of Casa Grande</u>, 15 F.4th 1219, 1228 (9th Cir. 2021).

[3]  <u>Compare</u> <u>Chappell v. Bess</u>, No. 2:01-cv-1979 KJN P, 2012 WL 3276984, at *22–23 (E.D. Cal. Aug. 9, 2012) (denying summary judgment to defendants on <u>Devereaux</u> claim where plaintiff

alleged sufficient facts to satisfy the second, causation element of a <u>Devereaux</u> claim.  As explained above, plaintiff has not alleged that the allegedly false RVR resulted in a deprivation of liberty, and his concern that the RVR may affect his chance of parole is too speculative to suggest that a liberty interest was at stake.  See <u>Sandin</u>, 515 U.S. at 487.  Accordingly, the undersigned finds that plaintiff's challenge to the allegedly false RVR does not state a cognizable Fourteenth Amendment claim under any potentially viable theory of liability.

### B. Supervisory Claims

Plaintiff sues the remaining seven defendants – Matteson, Cavagnolo, Tyler, Derancourt, John Doe #1, John Doe #2, and T. Hudson – in their respective individual and official capacities for the negligent training and supervision of defendant Alvarez-Perez.  See ECF No. 1 at 12-14. Plaintiff's claims against these seven defendants fail for several reasons.  First and foremost, § 1983 does not provide a cause of action for negligence.  See <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 332-33 (1986).  Here, plaintiff asserts in repetitive, boilerplate language that each supervisory defendant is "negligently responsible" for his injuries.  See ECF No. 1 at 12-14. Accordingly, his claims do not sound in § 1983.

Even if the undersigned were to construe the claim as challenging intentional acts and omissions, plaintiff has not pled sufficient facts to state a claim against any of the defendants in their individual capacities.  Generally, a supervisor can be held liable in his or her individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  <u>Starr</u>, 652 F.3d at 1207 (citation omitted). To state a

---

alleged defendants planted the drugs that formed the basis of his RVR and criminal referral), <u>with Hinton v. Mix</u>, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1569053, at *10 (E.D. Cal. June 3, 2025) (screening out due process claim based on alleged falsified evidence in RVR hearing and noting that "the Ninth Circuit has not held that such prison disciplinary proceedings are sufficient for a Devereaux claim"), <u>report and recommendation adopted</u>, No. 1:24-cv-0960 KES BAM (PC), 2025 WL 1918564 (E.D. Cal. July 11, 2025).  While the Ninth Circuit has not addressed this specific question, it has entertained <u>Devereaux</u> falsification of evidence claims in other administrative contexts.  See, <u>e.g.</u>, <u>Costanich</u>, 627 F.3d 1101 (denying summary judgment on a fabrication of evidence claim against a defendant based on evidence that the defendant falsified evidence that was used in an administrative proceeding, and which led to the revocation of Plaintiff's foster care license and loss of guardianship of two minor children).

1   claim of supervisory liability for failure to train, a plaintiff must show that "the official was

2   deliberately indifferent to the need to train subordinates, and the lack of training actually caused

3   the constitutional harm or deprivation of rights." Hyde v. City of Willcox, 23 F.4th 863, 874 (9th

4   Cir. 2022) (citation omitted).  Here, the complaint's conclusory and boilerplate assertions

5   regarding each defendant's alleged responsibility for training and supervising Alvarez-Perez are

6   inadequate to state a claim based on either a general supervisory or failure-to-train theory of

7   liability.  See Hyde, 23 F.4th at 875 (holding plaintiff may not "shoehorn any single incident with

8   no other facts into a failure-to-train claim against the supervisors").

9          Regarding the complaint's official capacity claims against these seven defendants,

10  plaintiff is advised that claims for monetary damages against state prison officials in their official

11  capacities are barred by the Eleventh Amendment.  See Mitchell v. Washington, 818 F.3d 436,

12  442 (9th Cir. 2016).  However, state prison officials can be sued in their official capacities for

13  prospective injunctive relief under the doctrine of Ex Parte Young.  See Cornel v. Hawaii, 37

14  F.4th 527, 531 (9th Cir. 2022) (citation omitted).

15            **C.  State Law Claims**

16         Finally, plaintiff alleges state law claims for IIED and violations of the Bane Act.  The

17  Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights

18  committed by 'threats, intimidation, or coercion.'" Reese v. Cnty. of Sacramento, 888 F.3d 1030,

19  1040 (9th Cir. 2018) (citations omitted).

20         Both of plaintiff's state law claims fail because he has not alleged compliance with the

21  claim presentation requirements of the California Government Claims Act, Cal. Gov't Code §§

22  810 et seq. ("GCA").  The GCA "requires, as a condition precedent to suit against a public entity,

23  the timely presentation of a written claim and the rejection of the claim in whole or in part."

24  Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  "[A] plaintiff

25  must allege facts demonstrating or excusing compliance with the claim presentation requirement.

26  Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to

27  constitute a cause of action."  Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D.

28  Cal. 2020) (quoting State of California v. Superior Court, 32 Cal. 4th 1234, 1243 (Cal. 2004)).

1    Here, plaintiff alleges exhaustion of the prison grievance procedure (ECF No. 1 at 14) but

2    does not plead any facts regarding presentation of a tort claim as required by the GCA.  As this is

3    a required element of plaintiff's state law causes of action, the complaint fails to allege any state

4    law claims.  Plaintiff will be given leave to amend to plead compliance with the GCA.

5    **II.    Failure to State a Claim**

6    Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds

7    that the complaint does not state cognizable federal constitutional or state law claims against

8    defendant Alvarez-Perez or any of the seven supervisory defendants.  Because of these defects,

9    the court will not order the complaint to be served on defendants.

10    Plaintiff may try to fix these problems by filing an amended complaint.  In deciding

11    whether to file an amended complaint, plaintiff is encouraged to consider the relevant legal

12    standards governing his potential claims for relief that are attached to this order.  See Attachment

13    A.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

14    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at

15    370-71.  The complaint must also allege in specific terms how each named defendant is involved.

16    Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability

17    under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

18    actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and

19    conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

20    Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

21    Plaintiff is also informed that the undersigned cannot refer to a prior pleading in order to

22    make his amended complaint complete.  Local Rule 220 requires that an amended complaint be

23    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

24    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

25    1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

26    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28    ////

1    **III.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer**

2           Your complaint will not be served because the facts alleged are not enough to state a

3    claim.  Your concern that the RVR issued by defendant Alvarez-Perez may affect your parole is

4    not enough to state a constitutional injury.  You must also allege that you filed a tort claim before

5    you can bring state law claims.  You are being given a chance to fix these problems by filing an

6    amended complaint.  If you file an amended complaint, pay attention to the legal standards above.

7    Be sure to provide facts that show exactly what each defendant did to violate your rights.  **Any**

8    **claims and information not in the amended complaint will not be considered.**

9                                        **CONCLUSION**

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.      Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is

12   GRANTED.

13          2.      Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16   appropriate agency filed concurrently herewith.

17          3.      Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

18   U.S.C. § 1915A, and will not be served.

19          4.      Within thirty days from the date of service of this order, plaintiff may file an

20   amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of

21   Civil Procedure, and the Local Rules.  The amended complaint must bear the docket number

22   assigned this case, **2:25-cv-00228 SCR P**, and must be labeled **"First Amended Complaint."**

23          5.      Failure to file an amended complaint in accordance with this order will result in a

24   recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

25   Procedure.

26   ////

27   ////

28   ////

                                          11

1      6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2    form used in this district.

3    DATED: December 11, 2025

4

5    _____

6    SEAN C. RIORDAN
 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT** A

2      This Attachment provides, for informational purposes only, the legal standards that may

3  apply to your claims for relief.  Pay particular attention to these standards if you choose to file an

4  amended complaint.

5      **I.      Eighth Amendment Substantial Risk of Serious Harm**

6      The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes

7  duties on prison officials to provide "humane conditions of confinement."  Farmer v. Brennan,

8  511 U.S. 825, 832 (1994).  Under the Eighth Amendment, "prison officials must ensure that

9  inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable

10  measures to guarantee the safety of the inmates.'"  Id. at 832 (quoting Hudson v. Palmer, 468

11  U.S. 517, 526-27 (1984)).  The Amendment's protections extend to "condition[s] of confinement

12  that [are] sure or very likely to cause serious illness and needless suffering" in the future.  Helling

13  v. McKinney, 509 U.S. 25, 32 (1993).

14      In such circumstances, it is a "prison official's 'deliberate indifference' to a substantial

15  risk of serious harm to an inmate" that violates the Eighth Amendment.  Farmer, 511 U.S. at 828.

16  This type of Eighth Amendment claim has an objective component and a subjective component.

17  First, an inmate must allege that the risk was, objectively, "sufficiently serious."  Lemire v. Cal.

18  Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).

19  Second, the plaintiff must allege that the defendant official acted, subjectively, with "deliberate

20  indifference" to his health or safety.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014)

21  (citing Farmer, 511 U.S. at 837.)  The deliberate indifference standard requires a showing that the

22  prison official acted or failed to act despite the prison official's knowledge of a substantial risk of

23  serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at 842.)

24      **II.      Fourteenth Amendment Due Process Clause**

25          **A. Procedural Due Process**

26      The issuance of allegedly false disciplinary charges can state a procedural due process

27  claim in two situations: (1) where the incarcerated person is denied procedural due process during

28  the ensuing prison disciplinary proceeding that resulted in a deprivation of a protected liberty

1

interest; and (2) the false allegations are in retaliation for engaging in protected activities.  See

Butts v. Ibarra, No. 1:20-cv-0273 EPG PC, 2020 WL 4676375, at *4 (E.D. Cal. Aug. 12, 2020)

(citations omitted), report and recommendation adopted, No. 1:20-cv-0273 AWI EPG PC, 2020

WL 6020409 (E.D. Cal. Oct. 9, 2020).

### B.  Substantive Due Process

To prevail on a substantive due process "claim of deliberate fabrication, a plaintiff must

prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate

fabrication caused the plaintiff's deprivation of liberty."  Spencer v. Peters, 857 F.3d 789, 798

(9th Cir. 2017) (citations omitted).  To establish the second element of causation, the plaintiff

must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the

injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate

cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person

would see as a likely result of the conduct in question."  Id. at 798 (citations omitted).

### III.    Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1

The Tom Bane Civil Rights Act ("Bane Act"), "provides a cause of action for violations

of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'"

Reese v. County of Sacramento, 888 F.3d 1030, 1040-41 (9th Cir. 2018).  "To state a claim under

the Bane Act, a plaintiff must allege '(1) interference with or attempted interference with a state

or federal constitutional or legal right, and (2) the interference or attempted interference was by

threats, intimidation, or coercion.'"  Guillen v. Carrillo, No. 1:19-cv-946 DAD HBK, 2022 WL

902883, at *8 (E.D. Cal. Mar. 28, 2022), report and recommendation adopted, No. 1:19-cv-0946

DAD HBK PC, 2022 WL 1557760 (E.D. Cal. May 17, 2022) (citations omitted).

### IV.    Intentional Infliction of Emotional Distress (IIED)

A cause of action for intentional infliction of emotional distress exists when there is: "(1)

extreme and outrageous conduct by the defendant with the intention of causing, or reckless

disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

the defendant's outrageous conduct."  Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1245

2

1 | (9th Cir. 2013) (quoting <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1050 (Cal. 2009)).

2 |     "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of

3 | that usually tolerated in a civilized community.'" <u>Lawler</u>, 704 F.3d at 1245 (quoting <u>Potter v.

4 | Firestone Tire & Rubber Co.</u>, 6 Cal.4th 965, 1001 (Cal. 1993)).  "Liability for intentional

5 | infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances,

6 | petty oppressions, or other trivialities."  <u>Id.</u> (internal quotation omitted).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3